# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> DA MATT GRECO, *et al.*, <br><br> Respondents. | Case No. 16-cv-03131-BAS-MDD <br><br> **ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** <br><br> **[ECF Nos. 11, 12]** |

Petitioner Pedro Rodriguez, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On January 12, 2017, the Court dismissed the Petition for two reasons. (ECF No. 2.) First, the Court noted Petitioner had failed to pay the filing fee and had not moved to proceed *in forma pauperis*. (*Id.*) Second, the Court concluded it is barred from considering Petitioner's claims under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). The Court reasoned this doctrine bars consideration of Petitioner's claims because his criminal case is still ongoing in state court, the state criminal proceedings involve important state interests, and Petitioner fails to demonstrate he has not been afforded an adequate opportunity to raise his claims in the state proceeding. (*Id.*) Further, Petitioner had not demonstrated extraordinary circumstances that would relieve the Court of its obligation to abstain from ongoing state criminal proceedings. (*Id.*) Thus,

the Court dismissed the Petition without prejudice. (*Id.*) The Court later denied a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 8)

On February 27, 2017, Petitioner appealed the Court's dismissal of his Petition. (ECF No. 9.) He also filed on March 1, 2017, a motion for a certificate of appealability. (ECF No. 11.) On March 13, 2017, the Ninth Circuit issued an order (i) noting that this Court had not issued or declined to issue a certificate of appealability and (ii) remanding this case "for the limited purpose of granting or denying a certificate of appealability." (ECF No. 12.)

## I. Appeal from Order Dismissing Petition

A petitioner may not appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Supreme Court articulated a two-part standard governing the issuance of a certificate of appealability when a district court denies a habeas petition on procedural grounds. The Court stated:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

Here, the Court principally dismissed the Petition because the Court concluded it is barred from considering Petitioner's claims based on *Younger* abstention. (ECF No. 2 at 2:25–3:2.) Given that the Court did not reach the merits of Petitioner's

claims, the Court's decision constitutes a dismissal on procedural grounds. *See Slack*, 529 U.S. at 484; *accord Strickland v. Wilson*, 399 F. App'x 391, 395 (10th Cir. 2010) (noting dismissal based on *Younger* abstention was a dismissal on procedural grounds for certificate of appealability purposes). In applying the two-part standard mentioned above, the Court finds issuing a certificate of appealability from its order of dismissal is not appropriate. Reasonable jurists would not find debatable both whether (1) the petition states a valid claim of the denial of a constitutional right and (2) this Court's procedural ruling was correct. *See Slack*, 529 U.S. at 484. Thus, the Court declines to issue a certificate of appealability from its order dismissing the Petition without prejudice. *See* 28 U.S.C. § 2253(c).

## II. Appeal from Order Denying Rule 60(b) Motion

In *Lynch v. Blodgett*, 999 F.2d 401, 402–03 (9th Cir. 1993), the Ninth Circuit held that a certificate of probable cause—the predecessor to the certificate of appealability under the former version of 28 U.S.C. § 2253—was required to appeal the denial of a Rule 60(b) motion in a 28 U.S.C. § 2254 habeas proceeding. Since the revision to 28 U.S.C. § 2253 as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Ninth Circuit has only "implicitly held" that a petitioner must now obtain a certificate of appealability in this context. *See United States v. Winkles*, 795 F.3d 1134, 1140 (9th Cir. 2015) (discussing *Langford v. Day*, 134 F.3d 1381 (9th Cir.1998)). That said, in *United States v. Winkles*, the Ninth Circuit held a petitioner must obtain a certificate of appealability to appeal the denial of a Rule 60(b) motion in an analogous context—a habeas proceeding under 28 U.S.C. § 2255. 795 F.3d at 1143. In that context, the court held a certificate should issue "if the movant shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." *Id.*

| | |
|---|---|
| 1 | Several district courts have since concluded the Ninth Circuit's reasoning in |
| 2 | *Winkles* for habeas proceedings under 28 U.S.C. § 2255 is equally applicable to those |
| 3 | under 28 U.S.C. § 2254. *E.g.*, *Sakellaridis v. Davey*, No. 15-cv-01154-DAD-EPG- |
| 4 | HC, 2017 WL 272216, at *2 (E.D. Cal. Jan. 20, 2017); *Adams v. Hedgpeth*, No. LA |
| 5 | CV-1103852 VBF-FFM, 2016 WL 4035607, at *14 (C.D. Cal. June 8, 2016); *Ceja* |
| 6 | *v. Scribner*, No. LA CV 07-00606-VBF-KES, 2016 WL 3996152, at *8 (C.D. Cal. |
| 7 | Jan. 19, 2016). This Court agrees. In *Winkles*, the Ninth Circuit noted that "section |
| 8 | 2255 'was intended to mirror § 2254 in operative effect,' and that the language used |
| 9 | in sections 2253(c)(1)(A) and (c)(1)(B) is functionally identical." 795 F.3d at 1141 |
| 10 | (quoting *Jones v. Ryan*, 733 F.3d 825, 830 n.1 (9th Cir. 2013)). Accordingly, the |
| 11 | Court will adapt the standard from *Winkles* for § 2255 proceedings and apply it to the |
| 12 | Court's denial of Petitioner's Rule 60(b) motion in this § 2254 proceeding. |
| 13 | The Court denied Petitioner's Rule 60(b) motion because it concluded he had |
| 14 | not demonstrated the requisite extraordinary circumstances for relief. (ECF No. 8 at |
| 15 | 2:14–21.) The Court finds Petitioner has not demonstrated that (1) jurists of reason |
| 16 | would find it debatable whether this Court abused its discretion in denying the Rule |
| 17 | 60(b) motion, and (2) jurists of reason would find it debatable whether the Petition |
| 18 | states a valid claim of the denial of a constitutional right. *See Winkles*, 795 F.3d at |
| 19 | 1143. Consequently, the Court declines to issue a certificate of appealability from its |
| 20 | order denying Petitioner's Rule 60(b) motion. |
| 21 | // |
| 22 | // |
| 23 | // |
| 24 | // |
| 25 | // |
| 26 | // |
| 27 | // |
| 28 | // |

## III. Conclusion

In sum, in response to the Ninth Circuit's order (ECF No. 12), the Court declines to issue a certificate of appealability from either (a) its order dismissing the Petition without prejudice or (b) its order denying Petitioner's Rule 60(b) motion. The Court therefore also **DENIES** Petitioner's motion for a certificate of appealability (ECF No. 11).

**IT IS SO ORDERED.**

**DATED: May 8, 2017**

Hon. Cynthia Bashant
United States District Judge